# Court of Appeals
# of the State of Georgia

ATLANTA,  June 08, 2022

*The Court of Appeals hereby passes the following order:*

## A22A1389. DEBRA BRIDGES v. PEGGY RILEY.

This case began as a dispossessory proceeding in magistrate court against Debra Bridges. Following the magistrate court's issuance of a writ of possession in favor of Peggy Riley, Bridges appealed to the superior court. On April 12, 2022, the superior court entered an order in favor of Riley. Bridges then filed this direct appeal on April 25, 2022. We, however, lack jurisdiction.

An appeal from a superior court order disposing of a de novo appeal from a magistrate court decision must be initiated by filing an application for discretionary appeal. OCGA § 5-6-35 (a) (11), (b); *Strachan v. Meritor Mtg. Corp. East*, 216 Ga. App. 82, 82 (453 SE2d 119) (1995). "Compliance with the discretionary appeals procedure is jurisdictional." *Hair Restoration Specialists v. State of Ga.*, 360 Ga. App. 901, 903 (862 SE2d 564) (2021) (punctuation omitted); see also *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Bridges's failure to follow the proper procedure deprives us of jurisdiction over this appeal.

Furthermore, OCGA § 44-7-56, which governs dispossessory actions, requires that an appeal from a dispossessory ruling be filed within seven days of the date judgment was entered. In this case, the notice of appeal was filed 13 days after the trial court's order. Therefore, the appeal is untimely.

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
       *Clerk's Office, Atlanta,* __06/08/2022__

       *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

       *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____Stephen E. Castlen_____ , *Clerk.*